IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No.  09-cv-01416-MSK

DAVID ANDREW SCHLENKERT,

      Applicant,

v.

RENE GARCIA, Warden,

      Respondent.

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
BROUGHT PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by David Andrew Schlenkert[1] **(Doc. # 4)**.  Pursuant to the Court's Order to Show Cause, the Respondent filed a Response to the Application **(Doc. # 21)**.  The Applicant filed a Reply. **(Doc. # 26)**.

At the time the Application was filed, Mr. Schlenkert was a federal prisoner incarcerated at the Federal Correctional Institution in Englewood, Colorado, serving an 84-month sentence for possession of a stolen firearm and interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 822(j) that had been imposed by the United States District Court for the Western District of Michigan.   The Bureau of Prisons (BOP) had evaluated Mr. Schlenkert  for

---

[1] Mr. Schleket appears *pro se*.  The Court therefore construes his pleadings liberally in accordance with  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as his advocate.  *See Hall*, 935 F.2d at 1110.

pre-release placement at a residential re-entry center ("RRC") in accordance with the factors set forth in 18 U.S.C. § 3621(b). The BOP determined that Mr. Schlenkert required only 150-180 days of pre-release RRC placement, and ultimately approved RRC placement for 147-days.

In his Application, Mr Schlenkert argued that the BOP abused its discretion in deciding that he should only have 147 days placement in a RRC. Instead, he contended that he was entitled to early release followed by a full twelve months in a RRC. The BOP responded alternatively that the Court lacked subject matter jurisdiction because Mr. Schlenkert had no liberty interest in release to a RRC, that the BOP had complied with the provisions of the Second Chance Act in making its determination, and that Mr. Schlenkert's request ultimately was moot because he had been transferred to a RRC and that there was no remedy available for any constitutional infraction.

The Court begins with the question of mootness. During the course of this case, Mr. Schlenkert filed a Notice of Change of Address with the Court, indicating that he had been released from the custody of the Bureau of Prisons **(Doc. # 29)**. This was confirmed by Respondent's filing entitled a "Notice of Petitioner's Release from the Custody of the Bureau of Prisons". **(Doc. # 30)**. Based on these filings, the Court finds that Mr. Schlenkert was released from BOP custody on January 10, 2010.

This Court has jurisdiction with regard to this petition only so long as Mr. Schlenkert was "in custody." 28 U.S.C. § 2241(c)(1).[2] However, release from custody of the Bureau of Prisons

---

[2] A section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *Mcintosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's

does not necessarily moot all §2241 claims if "serious collateral consequences of his incarceration exist, *i.e.*, that there is 'some concrete and continuing injury.'" *Holley v. Andraschko*, 80 Fed. Appx. 614, 615 (10th Cir. Oct. 22, 2003) (unpublished decision) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Assuming, without determining, that the time for RRC release was miscalculated[3], Mr Schlenkert's release from BOP custody moots his claim. There is no suggestion that Mr. Schlenkert will continue to suffer a serious collateral or continuing injury. Because Mr. Schlenkert is no longer in custody, it is impossible to grant him an earlier RRC placement. Put

---

sentence by prison officials, prison disciplinary actions, prison transfer, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[3] Were this matter to be resolved on the merits, the Court has some doubt that Mr. Schlenkert would have prevailed in light of the provisions of 18 U.S.C. § 3624(c) which set an outside limit of time for RRC release at 12 months, but do not require the BOP to impose such period. This section provides:

> In general.- The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
> The language of the statute makes clear that pre-release placement in an RRC is not mandatory, and is within the discretion of the Director of the BOP. That discretion is guided by the factors set forth in 18 U.S.C. § 3621(b). *See, e.g., Harrell v. Schultz*, 2009 WL 1586934, at *3 (D.N.J., June 2, 2009) (unpublished opinion) (finding that inmate not entitled to pre-release placement); *Stringer v. Adler*, 2009 WL 1312906, at *3 (E.D. Cal. May 12, 2009) (unpublished opinion) (finding that "there is no presumption that an inmate will serve 12 months in an RRC . . . the BOP retains sole discretion to determine how much time, if any, up to 12 months an inmate will serve in an RRC").

simply, because Mr. Schlenkert has already been released from custody, there is nothing for the Court to remedy.

Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(Doc. # 4)** is **DENIED**, as moot.  To the extent applicable, a certificate of appealability is **DENIED**. The Clerk shall close this case.

DATED at Denver, Colorado, this 13th day of January, 2011.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge